**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 97-11314

RICHARD TERRANCE AYERS,

Plaintiff-Appellant,

versus

CARRY HILLIARD; JAMES McGONAGILL

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(1:96-CV-99)

February 10, 1999

Before WISDOM, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Pro se and in forma pauperis Texas state prisoner Richard Terrance Ayers ("Ayers," or "Appellant") filed suit against Texas Department of Criminal Justice employees Sergeant Carry Hilliard ("Hilliard") and Corrections Officer James McGonagill ("McGonagill;" collectively, "Appellees"). Ayers alleged that Hilliard attacked him without provocation, handcuffed him, and tried to force him to walk away from his unit and into a field. When Ayers refused, Hilliard hit him in the head four times and forced his face into the ground. When Ayers continued to refuse to walk farther into the field, McGonagill hit him in the face and head approximately eight times, tried to choke him, kicked him, made racially insulting statements, and threatened to kill him. A hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985) ("Spears hearing") was held at which

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

Ayers consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c). The extent of Ayers' injuries was the only issue addressed at the Spears hearing. Following the hearing, the magistrate judge dismissed Ayers' official capacity claims against the defendants on grounds of Eleventh Amendment immunity. The magistrate judge ordered that process should issue as to the individual-capacity claims against the defendants. The defendants answered the complaint and consented to trial before the magistrate judge.

A year later, citing Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997) and 42 U.S.C. § 1997e(e), the magistrate judge sua sponte dismissed the complaint for failure to state a claim under FED. R. CIV. P. 12(b)(6) ("Rule 12(b)(6)") on the ground that Ayers had suffered only a de minimis injury which was inadequate to support his claim of a constitutional violation based on the use of excessive force. Ayers' timely filed his notice of appeal after denial of his FED. R. CIV. P. 59(b) motion.

## DISCUSSION

Rule 12(b)(6) dismissals are reviewed de novo. See Giddings v. Chandler, 979 F.2d 1104, 1106 (5th Cir. 1992). In applying Rule 12(b)(6), the plaintiff's factual allegations in the complaint, but not his conclusory allegations or his legal conclusions, are accepted as true. See Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993). Unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, the complaint should not be dismissed for failure to state a claim. See id. at 284-85.

Although Siglar supports the magistrate judge's reasoning, in an opinion issued after the dismissal of this suit, we declined to hold that a finding of de minimis damages inevitably requires a finding of no excessive force. See Baldwin v. Stalder, 137 F.3d 836, 840 (5th Cir. 1998); but see Siglar, 112 F.3d at 193-94 (finding that a de minimis injury failed to raise a valid excessive force claim). In Baldwin, the court indicated that a prisoner's excessive force claim should be evaluated by balancing factors which include "the extent of the injury suffered; . . . the need for the application of force; . . . the relationship between the need and the amount of force used; . . . the threat

2

reasonably perceived by the responsible officials; and . . . any efforts made to temper the severity of a forceful response." Baldwin, 137 F.3d at 838-39 (citation omitted).

Of course, each case must be judged on its own facts. See id. at 839. In the case before us, the factual allegations in Ayers' pleadings, taken alone, suggest that the force used by the defendants was excessive under Baldwin. Cf. Baldwin, 137 F.3d at 838-39. The abuse directed at Ayers is arguably of a sort "repugnant to the conscience of mankind" necessary to find de minimis uses of force unconstitutional. See Hudson v. McMillian, 503 U.S. 1, 10 (1992). At the same time, verified evidence in the record suggests that the force employed by Appellees was not unconstitutionally excessive. For example, the record shows that Ayers has a history of assaultive behavior. The use of force reports state that Ayers refused to work and ignored several direct orders to relinquish his garden hoe. Ayers' written statement admits that the use of force occurred because he refused to work. Although a district court cannot rely on prison records to counter a plaintiff's testimony, see Williams v. Luna, 909 F.2d 121, 124 (5th Cir. 1990), it is possible that, upon questioning, Ayers might have agreed with some of the facts set forth in these records. If the magistrate judge had conducted the Spears proceeding differently, then, he might have been able to elicit from Ayers admissions which would have supported dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(i);[1] however, Ayers' pleadings and the existing Spears evidence do not support a sua sponte dismissal of the complaint under Rule 12(b)(6). Thus, the magistrate judge should not have dismissed the complaint solely on the basis of his finding that Ayers' physical injuries were de minimis.

Additionally, we find that the magistrate judge erred by relying on § 1997e(e) to dismiss his complaint because the complaint was filed prior to the effective date of the Prison Litigation Reform

---

[1] An IFP complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact. See Siglar, 112 F.3d at 193. Such a dismissal is reviewed for abuse of discretion, see id., while a dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is reviewed de novo. See Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998) (per curiam).

3

Act ("PLRA"). Ayers filed his complaint on April 3, 1996. Section 803 of the PLRA was enacted to add § 1997e(e) effective April 24, 1996.

We have held that other, procedural, portions of the PLRA apply retroactively to cases pending on the effective date, see Adepegba v. Hammons, 103 F.3d 383, 386 (5th Cir. 1996), but we have not considered whether § 1997e(e), a substantive portion of the statute, applies retroactively.[2] A sister circuit has recently held, and at least two other circuits have suggested without holding that retroactive application of § 803 might violate principles of retroactivity.[3] See Craig v. Eberly, ___ F.3d ___, 1998 WL 886748, *3 (10th Cir. Dec. 21, 1998); cf. Fontroy v. Owens, 150 F.3d 239, 242 n.2 (3rd Cir. 1998) (finding argument waived); Zehner v. Trigg, 133 F.3d 459, 460-61 (7th Cir. 1997) (same). Another circuit recently held that applying the PLRA retroactively to prevent an award of attorneys' fees "would produce serious injustice." Blissett v. Casey, 147 F.3d 218, 220-21 (2nd Cir. 1998).

Since § 1997e(e) may not be applied retroactively, Neitzke v. Williams, 490 U.S. 319 (1989), controls. Under Neitzke, an appeal is frivolous only if there are no legal points arguable on the merits. See 490 U.S. at 325; McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 1998) (holding that an appeal is frivolous if it lacks arguable basis in law or fact). Ayers alleges that the Appellees used excessive force; given our discussion of Baldwin supra, Ayers has at least an arguable claim on appeal.

### CONCLUSION

---

[2] Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

[3] Several district courts have ruled that § 1997e(e) may not be applied retroactively. See, e.g., Cunningham v. Eyman, 11 F. Supp.2d 969, 972 (N.D. Ill. 1998); Bolton v. Goord, 992 F. Supp. 604, 625 (S.D.N.Y. 1998); Thomas v. Hill, 963 F. Supp. 753, 756-57 (N.D. Ind. 1997).

For the foregoing reasons, we must VACATE and REMAND the decision of the magistrate judge as dismissal of the action pursuant to Rule 12(b)(6) failed to consider factors relevant to an excessive force inquiry and improperly applied § 1997e(e) retroactively.

It is so ordered.